**Andre ALVES, Plaintiff,**

v.

**Joseph A. LEMOURE and the City of Boston, Defendants.**

**Civ. A. No. 92–10240–K.**

United States District Court,
D. Massachusetts.

July 8, 1992.

Howard Friedman, Boston, Mass., for plaintiff.

Stephen C. Pfaff, City of Boston Law Dept., Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

KEETON, District Judge.

This is a civil rights action against an individual police officer and the City of Boston for police misconduct. Now before the court are the following: (1) Defendant City of Boston's Motion to Strike or in the Alternative to Dismiss Count II of the

Complaint (Docket No. 3, filed March 13, 1992), together with a supporting memorandum (filed March 13, 1992), (2) Plaintiff's Opposition to Defendant's Motion to Strike (Docket No. 5, filed March 23, 1992), and (3) Plaintiff's Supplementary Memorandum in Opposition to Defendant's Motion to Strike (Docket No. 6, filed April 22, 1992).

## I.

Plaintiff's Complaint names both an individual Boston police officer and the City of Boston as defendants. Plaintiff maintains that the individual officer, Joseph A. Lemoure, used excessive and unreasonable force on him (Counts I, III, and IV). Plaintiff further claims municipal liability against the City of Boston pursuant to 42 U.S.C. § 1983 for maintaining policies or customs that caused the deprivation of his constitutional rights (Count II). In Count II, plaintiff refers to the findings of the Report by the Boston Police Department Management Review Committee appointed by Mayor Raymond Flynn (known as the "St. Clair Report"). On this basis, defendant City of Boston moves this court to strike or, in the alternative, to dismiss Count II of the Complaint.

## II.

In *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that a municipality can be subject to liability as a "person" under 42 U.S.C. § 1983. *Id.* at 690, 98 S.Ct. at 2035–36. The Court further determined, however, that to establish municipal liability a plaintiff is required to show that an employee, when violating plaintiff's constitutional rights, was acting pursuant to some official policy or custom of the city. *Id.* at 694, 98 S.Ct. at 2037–38. The Court explained:

> [A] municipality cannot be held liable *solely* because it employs a tortfeasor— or in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.

*Id.* at 691, 98 S.Ct. at 2036 (emphasis in original). Moreover, it must be shown that the custom or policy causing the injury, if not established deliberately, resulted from

"deliberate indifference." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 1204, 103 L.Ed.2d 412 (1989).

In *City of Canton*, the Court reaffirmed *Monell*, stating that "a municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue." *Canton*, 489 U.S. at 385, 109 S.Ct. at 1203 (emphasis in original). This conclusion draws attention to the heart of the inquiry—whether there is a direct causal link between municipal policy or custom and the alleged constitutional violation. *See Canton*, 489 U.S. at 385, 109 S.Ct. at 1202–03. In short, liability may be found only if official policy or custom was the cause of and the "moving force" behind the deprivation of constitutional rights. *Bordanaro v. McLeod*, 871 F.2d 1151, 1156 (1st Cir.1989) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 819, 105 S.Ct. 2427, 2433, 85 L.Ed.2d 791 (1985)).

## III.

Plaintiff's claims arise from an incident that occurred on March 13, 1991. Count II alleges, in part, that it was the policy or custom of defendant City of Boston "to inadequately and improperly investigate citizen complaints of police misconduct." Additional allegations in Count II refer to the findings of the St. Clair Report of January 14, 1992 as support for this contention. According to these allegations, the St. Clair Report documents the policy or custom alleged to have caused injury to plaintiff. There is no allegation, however, that the St. Clair Report itself had any part in establishing the alleged policy or custom.

■ I need not and do not rule at this time on the potential admissibility of any part of the St. Clair Report as evidence at trial. In any event, whether the Report or any part of it is admissible or not, I will order allegations regarding the content of the Report stricken from the pleadings to make clear that plaintiff will not be entitled in any way to bring the Report to the attention of the jury at trial without first obtaining a ruling of the court out of the presence of the jury on the issue of admissibility.

■ Remaining for consideration is whether the entire Count II should be stricken because it fails to meet the heightened pleadings requirement applicable to this case under First Circuit precedents. The allegations of the complaint utterly fail to identify what municipal official(s), acting within the scope of authority sufficient to establish municipal policy relevant to this case, did what at what time and in what way. I conclude, however, that at this stage of this case I should not dismiss the entire Count II. Rather, I conclude that plaintiff has alleged a sufficient basis to bring this case within the exception allowing allegations on information and belief where the complaint shows a reasonable basis for believing that evidence of particulars to support alleged conclusions regarding established municipal policy is in the control of the defendant City and may be revealed through discovery. *New England Data Servs., Inc. v. Becher*, 829 F.2d 286, 290 (1st Cir.1987); *Cash Energy, Inc. v. Weiner*, 768 F.Supp. 892, 898–99 (D.Mass. 1991).

### ORDER

Defendant's Motion to Strike is ALLOWED in part and DENIED in part. All references to the St. Clair Report (from the second sentence of ¶ 23 through the last sentence of that paragraph) are hereby stricken from the Complaint.